This suit was commenced as a partition suit, but at the closing of the taking of testimony a different title was developed than that set forth in the bill.
The bill of complaint alleges that in 1884 title to the property was in Charles S. Furst and Myron J. Furst as tenants in common, and that by various conveyances the undivided one-half interest of Myron J. Furst became vested in the complainant, Henry Furst, and Arnold Furst and Alice Lowy, children of Myron J. Furst, and that Fritz Lowy succeeded to the interest of Alice Lowy by virtue of her will.
That the undivided one-half interest of Charles S. Furst by virtue of his will and the will of his wife, Lillie Furst, became vested in the defendant Ruth F. Sire.
That the premises were sold by Jersey City for taxes in 1921, and the tax sale certificate was assigned to the defendant Ruth F. Sire, in April, 1924, when she also received a deed from the city for the premises.
The complainant charges that the interest so acquired by Ruth F. Sire was acquired for the benefit of herself and her co-tenants, the said Henry Furst, Arnold Furst and Fritz Lowy, with which contention I should agree if it had been proved that they were the co-tenants, which has not been done. Ruth F. Sire is undoubtedly seized of an undivided one-half of the premises, but the owners of the other half have not been, as yet, ascertained, the complainant having failed to establish the owners of the one-half formerly held by Myron J. Furst, the father of the complainant. *Page 387 
On June 4th, 1924, Ruth F. Sire and Albert I. Sire, her former husband, contracted to sell the premises to Isaac M. Shackter —
"By deed of bargain and sale free from all encumbrances, with a covenant against grantors as to an undivided half part of the title and full covenant and warranty deed as to the other undivided half part of the title. Title to close on July 23d 1924."
On July 11th, 1924, there was filed in the register's office of Hudson county a notice of lis pendens in this suit.
This defendant, Isaac M. Shackter, has had possession of the easterly portion of the premises since 1900, and has paid rent for the same up to about March, 1922, since which date he has agreed to maintain and repair the property in lieu of rent.
Isaac M. Shackter filed a counter-claim against Ruth F. Sire, individually and as executrix, Albert I. Sire, Arnold Furst, Fritz Lowy and the complainant, setting up the foregoing contract of sale, that the same had not been consummated because of the above-mentioned lis pendens, and that upon delivery of the instruments of title called for by the contract Shackter is willing to complete the contract. That prior to the suit Shackter had no knowledge or information that the complainant or the defendants, Arnold Furst and Fritz Lowy, or their predecessors in title, had any right, title or interest in or to the premises, and setting up that they were guilty of laches in not ascertaining their alleged title prior to June 4th, 1924, the date of the above-mentioned contract, and that any right they have in the premises should attach to the moneys paid and to be paid by Shackter under the contract, and not to the property itself.
The counter-claim prayed, Shackter being in ignorance of the true condition of the title as developed by the testimony, that the contract be held valid and subsisting, and that the rights of the complainant, Henry Furst, and the defendants Arnold Furst and Fritz Lowy should attach to the moneys paid and to be paid under the contract.
The defendant Ruth F. Sire answered that the interest acquired *Page 388 
by her from the municipality is held by her for her own benefit and not for her alleged co-tenants, and that —
"The city of Jersey City, having perfected its title to the premises described in the bill of complaint by appropriate legal proceedings" deeded the property to Ruth F. Sire, and "that said deed conveyed to the said Ruth F. Sire a good and indefeasible estate in fee-simple to the whole of the premises in question."
She further alleges that she "is the owner in fee-simple of the whole of the premises in question."
At the hearing the complainant, on June 30th, 1925, attempted to prove the title set out in the bill of complaint but was unable to do so, not being ready to introduce the alleged will of Alice Lowy devising all her property to her husband, Fritz Lowy.
The complainant proved title into Charles S. Furst and Myron Furst, also deed for an undivided half interest from Myron Furst and wife to Joseph Liebmann, also deed by the executors of Joseph Liebmann back to Myron Furst and wife.
It has not been established by proof that the executors had any right to give this deed.
The complainant then went on to prove as to the undivided half interest alleged to be in Myron Furst and wife, that the wife died in 1899, and the father, Myron Furst, in 1902, but whether he left a will or not has not been proven. The children of Myron Furst were the complainant, Henry Furst, Alice Lowy and Arnold Furst. The complainant, Henry Furst, is not married, and neither is the defendant Arnold Furst. Alice died leaving no children, but it is alleged that Alice left her interest in the property to her husband, Fritz Lowy. The will of Alice has not been proved.
As to the other half interest complainant offered the wills of Charles S. Furst and his wife, Lillie Furst.
Complainant then offered the tax sale certificate, and assignment of the same, and a tax deed to Ruth F. Sire.
At a later hearing an application to amend the bill of complaint was made: *Page 389 
"1. That the will of Alice Lowy was not executed according to the laws of New Jersey and is ineffective to transfer to Fritz Lowy the interest of Alice Lowy in the premises, and that the defendant, Fritz Lowy, has no interest in the same, and to have the decree pro con against Fritz Lowy opened.
"2. That the deed by Liebmann's executors to Myron J. Furst and wife was not effective because of lack of power of sale in Liebmann's executors, and that legal title went to Fanny Liebmann, and then by her will to her devisees, and that the complainant, Henry Furst and Arnold Furst are the true owners notwithstanding the apparent legal title being vested in Fanny Liebmann's devisees."
The counter-claimant, Shackter, then made a motion to withdraw his counter-claim, which was objected to by counsel representing Mrs. Sire.
Shackter claims that the counter-claim had been filed upon the facts of title as alleged in the pleadings and moved for leave to withdraw the counter-claim for the reason that Mrs. Sire did not get title under the tax sale, and that the outstanding title is in the trustees and devisees under the will of Fanny Liebmann, and has never been cut off under the tax sale proceedings, and that Ruth F. Sire cannot make the title called for by the contract of sale, and, therefore, Shackter claims to be entitled to have his deposit of $300 under the contract returned with interest and costs of suit.
In this posture of affairs the complainant has clearly failed to establish his case and the bill for partition must be dismissed for want of proof, without prejudice. That leaves nothing further to be decided at this time except the counter-claim filed by Shackter and which he has withdrawn, despite the opposition of Ruth Sire, who contends that her contract with Shackter should be specifically performed. I think that Shackter has a perfect right to withdraw his counter-claim on the payment of costs.
My conclusion is that Shackter is entitled to withdraw his counter-claim, but I shall leave him to his remedy at law to recover the $300 which he paid down on the making of the contract, together with interest.
I will advise a decree in accordance with these views. *Page 390